A CERTIFIED TRUE COPY

JUN 1 5 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 5 2006

RELEASED FOR PUBLICATION

JUN 2 7 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
CLERK'S OFFICE

DOCKET NO. 1770

M 06-1770 MHP

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE WELLS FARGO HOME MORTGAGE OVERTIME PAY LITIGATION

*Jason Mevorah v. Wells Fargo Home Mortgage, Inc.*, N.D. California, C.A. No. 3:05-1175
*Genaro Perez v. Wells Fargo Mortgage Co.*, N.D. California, C.A. No. 3:05-2722
*Derrick Perry v. Wells Fargo Home Mortgage, Inc.*, S.D. Illinois, C.A. No. 3:05-890

### BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation currently consists of three actions pending two districts as follows: two actions in the Northern District of California and one action in the Southern District of Illinois. Genaro Perez, the plaintiff in one of the California actions, moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing the three actions in the Northern District of California for coordinated or consolidated pretrial proceedings.[1] Wells Fargo Home Mortgage (Wells Fargo), the sole defendant in the three actions, supports centralization, but not in either of the two districts where constituent actions are now pending. Rather, it favors selection of the Southern District of Iowa as transferee forum. The plaintiffs in the remaining two actions now before the Panel oppose transfer. If the Panel determines to order centralization over their objections, then i) the objecting Northern District of California action plaintiff would support selection of his California district as transferee forum; and ii) the plaintiff in the Southern District of Illinois action would favor selection of his Illinois district.

On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiffs in all actions assert similar claims against Wells Fargo under the Fair Labor Standards Act and/or state labor law on behalf of groups of current and former employees of Wells Fargo who worked as loan originators, loan consultants, or similar positions. Plaintiffs seek overtime compensation and other relief for these employees. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

---

[1] Parties have notified the Panel of an additional related action recently filed in the Northern District of California. In light of the Panel's disposition of this docket, this action will be treated as a potential tag-along action in accordance with Panel and local court rules. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

The plaintiff in the Illinois action bases a significant part of his opposition to centralization on his concern that transfer will engender further delays in a litigation in which time is of the essence. We are sympathetic to this concern but view it as misplaced. Transfer under Section 1407 will have the salutary effect of assigning the present actions and any future tag-along actions to a single judge who can formulate a pretrial program that ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties and the courts. In addition, under 28 U.S.C. § 1407(c), this transfer order is effective when filed with the transferee court, at which time the transferee judge is fully vested with authority to supervise pretrial proceedings — even before the physical arrival of files from the clerk of the involved transferor court. We are confident that counsel, if they deem it necessary, can i) devise ways to assist the transferor clerk in order to expedite the physical transfer of files, and ii) provide the transferee judge with copies of any documents pertinent to any immediate rulings sought from the transferee judge.

We conclude that the Northern District of California is an appropriate forum in this docket for the following reasons: i) the district is where the first filed and greater number of actions are already pending; ii) the district is an accessible location that will be geographically convenient for litigants, witnesses and counsel; and iii) the district is well equipped with the resources that this complex antitrust docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending outside the Northern District of California is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Marilyn H. Patel for coordinated or consolidated pretrial proceedings with the actions pending in that district.

FOR THE PANEL:

*/s/ Wm. Terrell Hodges*

Wm. Terrell Hodges
Chairman