1  LINDBERGH PORTER, JR., Bar No. 100091
   RICHARD H. RAHM, Bar No. 130728
2  ALISON S. HIGHTOWER, Bar No. 112429
   LITTLER MENDELSON
3  A Professional Corporation
   650 California Street, 20th Floor
4  San Francisco, CA  94108.2693
   Telephone:   (415) 433-1940
5  Facsimile:    (415) 399-8490
   E-mail:  lporter@littler.com
6           rrahm@littler.com
            ahightower@littler.com
7
   Attorneys for Defendant WELLS FARGO HOME
8  MORTGAGE, a division of WELLS FARGO
   BANK, NATIONAL ASSOCIATION
9

10
   KEVIN J. McINERNEY, Bar No. 46941
11 KELLY McINERNEY, Bar No. 200017
   CHARLES A. JONES, Bar No. 224195
12 McINERNEY & JONES
   18124 Wedge Parkway #503
13 Reno, NV 89511
   Telephone:   (775) 849-3811
14
   CALIFORNIA CLASS COUNSEL
15

16

17                  UNITED STATES DISTRICT COURT

18                 NORTHERN DISTRICT OF CALIFORNIA

19                      SAN FRANCISCO DIVISION

| 20 | In Re: | Case No.  MDL 06-CV-1770  MHP |
|---|---|---|
| 21 | WELLS FARGO HOME MORTGAGE OVERTIME PAY LITIGATION | STIPULATION AND [PROPOSED] ORDER ENJOINING CALIFORNIA CLASS MEMBERS FROM PARTICIPATING IN QUESTIONNAIRE IN *STRICKLER* CASE |
| 22 | | |
| 23 | THIS DOCUMENT RELATES TO MEVORAH v. WELLS FARGO HOME MORTGAGE | |
| 24 | | |

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATION AND [PROPOSED] ORDER
ENJOINING CALIFORNIA CLASS MEMBERS

Case No. MDL 1770

Counsel for Wells Fargo Home Mortgage, a division of Wells Fargo Bank ("WFHM") and California Class Counsel of Wells Fargo's Home Mortgage Consultants ("HMCs"), hereby stipulate to the following:

1. Plaintiff Jason Mevorah filed his class-action complaint against WFHM on February 10, 2005 ("California Federal Action"), which was removed to this Court, alleging that WFHM misclassified its HMCs as exempt and, for this reason, did not pay them overtime in alleged violation of both the Fair Labor Standards Act and the California Labor Code.

2. On May 15, 2006, Laura Strickler filed an action against WFHM in San Diego Superior court, entitled, *Strickler v. Wells Fargo Bank*, Case No. GIN052537 ("*Strickler* Action"). Strickler is represented by the Initiative Legal Group, LLP. In her Second Amended Complaint, Strickler alleges causes of action for penalties pursuant to the California Labor Code Private Attorneys Act, Labor Code sections 2698, *et seq.*, which overlap with the misclassification-overtime claims in the California Federal Action. In one cause of action, Strickler alleges that WFHM allegedly misclassified its California HMCs as exempt and, therefore, they were not paid overtime in alleged violation of the California Labor Code. Similarly, in another cause of action, Strickler alleges that WFHM, because it allegedly misclassified its HMCs as exempt, violated the Labor Code by providing HMCs with wage statements that did not show the number of hours worked.

3. On October 18, 2007, this Court certified a class of HMCs in the California Federal Action with respect to alleged misclassification-overtime issues ("California Class"). It also appointed the law firms of McInerney & Jones and Hoffman & Lazear as class counsel for the California Federal Action ("California Class Counsel").

4. On September 5, 2008, the Superior Court in the *Strickler* Action, Judge Michael B. Orfield, presiding, indicated that it would order the proposed questionnaire (the "Questionnaire") to be sent to all California HMCs who have been employed by WFHM from May 15, 2005 to the present, but would stay his order for a period of thirty days to allow both WFHM and California Class Counsel to seek an order from the district court in this action enjoining California class members from responding to the Questionnaire. The Questionnaire is attached hereto as Exhibit A.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATION AND [PROPOSED] ORDER ENJOINING CALIFORNIA CLASS MEMBERS

1.

Case No. MDL 1770

5.   Both California Rule of Professional Conduct 2-100 and ABA Model Rule of Professional Conduct 4.2 prohibit a lawyer from communicating with another party who is represented about the "subject of the representation." In this respect, "communicating with the class members after [a] court had ... certified the class" violates these rules. *Tedesco v. Mishkin*, 629 F. Supp. 1474, 1483 (S.D. N.Y. 1986). *See also Resnick v. American Dental Ass'n*, 95 F.R.D. 372, 377 (D.C. Ill. 1982) ("After a court has certified a case as a class action ... Defense counsel must observe the rules of ethical conduct in these circumstances and communicate with the opposing parties through their attorney, who is counsel for the class.") (quoting from 2 Newberg, Class Actions § 2730(d), at 1220 (1977)). Thus, sending the Questionnaire to HMCs who are presently represented by counsel with respect to the subject of the representation would violate both California and the ABA codes of professional responsibility. Moreover, California Class Counsel strenuously objects to the Questionnaire being sent to California HMCs as it solicits testimony, without advice of counsel, concerning possible damages in the California Federal Action. California Class Counsel also believes that the Questionnaire will cause confusion within the California Class concerning the subject matter of the California Federal Action.

6.   This Court has also imposed a partial stay of discovery in the California Federal Action. Pursuant to the All Writs Act, a District Court can enjoin a state-court action "in aid of preserving [the court's] jurisdiction." 28 U.S.C. § 1651. Thus, a court may enjoin absent members of a plaintiff class from prosecuting separate class actions in state court. *See Carlough v. Amchem Products, Inc.*, 10 F. 3d 189, 204 (3rd Cir. 1993) ("it is within the sound discretion of the District Court to enjoin their action in state court"). Likewise, an injunction against "duplicative state suits" may be applied not only to the named plaintiffs, but also to "unnamed class members [who] have the status of parties for many purposes and are bound by the [District Court's] decision whether or not the court otherwise would have had personal jurisdiction over them." *In re Bridgestone/Firestone, Inc., Tires Products Liability Litigation*, 333 F. 3d 763, 768 (7th Cir. 2003). Finally, a District Court may enjoin state litigation in a Multidistrict Litigation action, where it found that "the need to enjoin conflicting state proceedings arises because the jurisdiction of a multidistrict Court is 'analogous to that of a court in an *in rem* action or in a school desegregation case, where it

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATION AND [PROPOSED] ORDER
ENJOINING CALIFORNIA CLASS MEMBERS    2.    Case No. MDL 1770

is intolerable to have conflicting orders from different courts.'" *In re Baldwin-United Corp. (Single Premium Deferred Annuities Ins. Litigation)*, 770 F. 2d 328, 337 (2nd Cir. 1985) (citing 17 C. Wright & A. Miller & E. Cooper, Federal Practice & Procedure § 4225 at 105 n. 8 (Supp. 1985)). This Court thus has jurisdiction over the named and absent members of the California Class.

7. Based on the above, counsel for WFHM and California Class Counsel request the Court to issue an order enjoining named and absent class members in the California Federal Action from responding to the Questionnaire, or responding to any other communication sent by any attorney or agent of the Initiative Legal Group, LLP, concerning the subject matter of the California Federal Action, without permission of California Class Counsel.

Dated: September 9, 2008

KEVIN J. McINERNEY
KELLY McINERNEY
CHARLES A. JONES
MCINERNEY & JONES
Class Counsel for the
CALIFORNIA FEDERAL ACTION

Dated: September 9, 2008

LINDBERGH PORTER, JR.
RICHARD H. RAHM
ALISON S. HIGHTOWER
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
WELLS FARGO HOME MORTGAGE,
a division of WELLS FARGO BANK,
NATIONAL ASSOCIATION

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATION AND [PROPOSED] ORDER
ENJOINING CALIFORNIA CLASS MEMBERS       3.       Case No. MDL 1770

## ORDER

Based on the attached Stipulation, the Court finds that there is good cause to enjoin the named and absent class members in the action entitled, *Mevorah v. Wells Fargo Home Mortgage* (the "California Federal Action"), from responding to, or in any other way communicating with counsel for plaintiff in the action entitled, *Strickler v. Wells Fargo Bank*, San Diego County Superior Court Case No. GIN052537, concerning, the Questionnaire attached hereto as Exhibit A. The Court further enjoins the named and absent class members in the California Federal Action from communicating with any attorney or agent of the Initiative Legal Group, LLP, concerning the subject matter of the California Federal Action, without the permission of California Class Counsel.

**SO ORDERED.**

Dated: September 10, 2008



MARILYN H. PATEL
UNITED STATES DISTRICT COURT JUDGE

IT IS SO ORDERED
Judge Marilyn H. Patel

Firmwide:86565785.1 051995.1003

STIPULATION AND [PROPOSED] ORDER ENJOINING CALIFORNIA CLASS MEMBERS — 4. — Case No. MDL 1770

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

# Exhibit A

Strickler v. Wells Fargo Bank, N.A.
Case No.: GIN052537

# WELLS FARGO HOME MORTGAGE CONSULTANT SURVEY

*STRICKLER V. WELLS FARGO*
San Diego Superior Court, Case No. GIN 052537

You are being sent this survey because you are or were a Home Mortgage Consultant with Wells Fargo. Hon. Michael Orfield, the Judge in the lawsuit entitled *Strickler v. Wells Fargo*, San Diego Superior Court, Case No. GIN 052537, has ordered that this survey be sent to certain Wells Fargo employees to determine if any California Labor Code violations have been committed by Wells Fargo.

- ➤ YOU ARE RECEIVING THIS SURVEY BY ORDER OF THE COURT.

- ➤ YOU ARE NOT BEING SUED, NOR ARE YOU SUING WELLS FARGO.

- ➤ YOUR PARTICIPATION IS ENTIRELY VOLUNTARY.

- ➤ THE INFORMATION YOU PROVIDE MAY ENTITLE YOU TO PAYMENT IN CONNECTION WITH THIS LAWSUIT AGAINST WELLS FARGO. HOWEVER, THERE IS NO GUARANTEE OF RECOVERY.

If you choose to fill out this Employment Experience Survey, please do so to the best of your recollection. If you find it helpful to consult either your official employment records (pay stubs, W-2 Forms, etc.) or your own personal records (such as a datebook or calendar diary), that is permitted and encouraged. All of the questions pertain to your employment with Wells Fargo.

All information disclosed may be used in the *Strickler v. Wells Fargo* lawsuit to help determine the accuracy of allegations against Wells Fargo. The information disclosed could impact your rights in other lawsuits. Please consult with your attorney if you have any questions about how this may impact your rights in any other lawsuit.



DISCLAIMER: BY FILLING OUT THIS SURVEY, YOU ARE NOT ENTERING INTO AN ATTORNEY-CLIENT RELATIONSHIP. IF YOU HAVE QUESTIONS CONCERNING EITHER THIS SURVEY OR THE LAWSUIT, YOU MAY CONTACT:

INITIATIVE LEGAL GROUP, LLP
MONICA BALDERRAMA, ESQ.
1800 CENTURY PARK EAST, SUITE 200
LOS ANGELES, CALIFORNIA 90067
310.556.5637
MBalderrama@InitiativeLegal.com

## Background Information

1.  Name: _____

2.  E-mail address: _____

3.  Mailing Address: _____

    _____

4.  Telephone Number: _____

## Information About Your Work for Wells Fargo

5.  Do you currently work for Wells Fargo?    ☐ YES    ☐ NO

6.  Do you, or did you ever, work more than 8 hours per day for Wells Fargo as a Home Mortgage Consultant since May of 2005?

    ☐ YES    ☐ NO

7.  What is your best estimate of the number of pay periods in which you worked more than 8 hours in a day since May of 2005? (*The pay periods at Wells Fargo average 26 pay periods per year*)

    _____ (0-78 pay periods)

8.  Do you, or did you ever, work more than 40 hours per week during any given pay period since May of 2005?

    ☐ YES    ☐ NO

9.  What is your best estimate of the number of pay periods in which you worked more than 40 hours per week since May of 2005?

Page 2 of 3

_____ (0-78 pay periods)

10. Did you have to connect to the Internet to obtain a copy of your pay stub (or "wage statement")?

☐ YES    ☐ NO

a. If yes, did you connect to the Wells Fargo Intranet through a computer other than one provided by Wells Fargo?

☐ YES    ☐ NO

_____           _____
Signature                         Date

Thank you for filling out this Survey! Please return it in the enclosed self-addressed stamped envelope or fax it back to 310-861-9051.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles. I declare that I am over the age of eighteen (18) and not a party to this action. My business address is: Initiative Legal Group LLP, 1800 Century Park East, Second Floor, Los Angeles, California 90067.

On September 8, 2008, I served the within document(s) described below as:

**[PROPOSED] ORDER AUTHORIZING INITIATIVE LEGAL GROUP TO SEND SURVEY TO WELLS FARGO BANK'S EMPLOYEES**

on the interested parties in this action by placing true copies thereon enclosed in sealed envelopes address as follows:

> Lindbergh Porter, Esq.
> Richard H. Rahm, Esq.
> Littler Mendelson
> A Professional Corporation
> 650 California Street, 20th Floor
> San Francisco, California 94108

(X) **MAIL**: I deposited such envelope in the mail at Los Angeles, California. The envelopes were mailed with postage thereon fully prepaid.

( ) **PERSONAL**: I caused such envelope to be delivered by hand to the individual(s) listed above.

( ) **ELECTRONIC SERVICE**: I caused the above-referenced document(s) to be transmitted to the above-named individual(s) at the e-mail address listed above.

( ) **OVERNIGHT COURIER**: I caused the above-referenced document(s) to be delivered via overnight courier service (FedEx) to the individuals at the address listed above.

(X) **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**EXECUTED** this document on September 8, 2008, at Los Angeles, California.

_____
Sandy Acevedo

# PROOF OF SERVICE
Judicial Panel on Multidistrict Litigation

*Wells Fargo Home Mortgage(OT LITIGATION)*
Case No. MDL06-1770

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 650 California Street, 20th Floor, San Francisco, California 94108.2693. On September 9, 2008, I served the within document(s):

- **STIPULATION AND [PROPOSED] ORDER ENJOINING CALIFORNIA CLASS MEMBERS FROM PARTICIPATING IN QUESTIONNAIRE IN *STRICKLER CASE***
- **POS**

| | |
|---|---|
| ☐ | **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses indicated below and *(specify one)*: |
| | ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid. |
| | ☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
| ☐ | **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier (**FEDERAL EXPRESS**) and addressed to the persons at the addresses listed below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier. |
| ☐ | **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service (First Legal Services T(415) 626-3111). |
| ☐ | **By fax transmission. AS APPROVED BY CLERK OF THE PANEL and COURTESY COPY FOR ALL COUNSEL**, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, for our file. |
| ☒ | **By e-mail or electronic transmission** I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

PROOF OF SERVICE        2.        Case No. MDL 06-1770

# SERVICE LIST

Mevorah, Jason v. Wells Fargo Home Mortgage
USDC Northern District California
Case No. 6-CV-01770-MHP

**Counsel for Plaintiff Jason Mevorah/Carolyn Urso**

| | |
|---|---|
| Arthur William Lazear, Esq.<br>H. Tim Hoffman, Esq.<br>Hoffman & Lazear<br>180 Grand Avenue, Suite 1550<br>Oakland, CA 94612<br>510 763-5700<br>Email: awl@hoffmanandlazear.com<br>        hth@hoffmanandlazear.com | Kevin J. McInerney, Esq.<br>McInerney & Jones<br>18124 Wedge Parkway #503<br>Reno, NV 89511<br>775-849-3811<br>Fax: 775-849-3866<br>Email: kevin@mcinerneylaw.net |

**Counsel for Nationwide Plaintiffs**

| | |
|---|---|
| Charles Scott Russell, Esq.<br>Robert Walter Thompson, Esq.<br>Callahan, McCune & Willis APLC<br>111 Fashion Lane<br>Tustin, CA 92780<br>714-730-5700<br>Fax: 714-730-1642<br>Email: charles_russell@cmwlaw.net<br>        robert_thompson@cmwlaw.net | George Allan Hanson, Esq.<br>Eric Landon Dirks, Esq.<br>Stueve Helder Siegel LLP<br>460 Nichols Road<br>Suite 200<br>Kansas City, MO 64112<br>816 714-7100<br>Fax: 816-714-7101<br>Email: hanson@stuevesiegel.com<br>        dirks@stuevesiegel.com |
| James A. Jones, Esq.<br>Karla S. Jackson, Esq.<br>GILLESPIE, ROZEN, WATSKY,<br>MOTLEY & JONES PC<br>3402 Oak Grove Ave., Ste. 200<br>Dallas TX 75204<br>Tel: (214) 720-2009<br>Fax: (214) 720-2291<br>Email: jaj@grwlawfirm.com | |

Bodmer, Justine v. Wells Fargo Bank, N.A.
USDC Middle District of Florida
Case No. 2:08-CV-00074-MMH-SPC

**Counsel for Plaintiff, Justine Bodmer**

| | |
|---|---|
| Andrew Frisch, Esq.<br>MORGAN & MORGAN<br>7450 Griffin Road, Suite 230<br>Davie, Florida 33314<br>Tel: (954) 318-0268<br>Fax: (954) 333-3515<br>E-Mail: afrizhc@forthepeople.com | |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

PROOF OF SERVICE                              3.                              Case No. MDL 06-1770

**Hanson, Wade v. Wells Fargo Bank, N.A.**
**USDC Southern District of Florida**
**Case No. 08-80182-CV-RYSKAMP/VITUNAC**

**Counsel for Plaintiff, Wade Hanson**

| |  |
|---|---|
| Jennifer J. Ator, Esq.<br>HANKINS & ATOR, PL<br>371 North Royal Poinciana Blvd.<br>Miami Springs, FL 33166<br>Tel: (305) 863-8525<br>Fax: (305) 863-8535<br>E-Mail: jja@kankinsator.com | |

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on September 9, 2008, at San Francisco, California.

_____
SUZANNE LORUSSO

Firmwide:86583049.1 051995.1003