Robert W. Thompson, Esq. (SBN 106411)
Charles Russell Esq. (SBN 233913)
CALLAHAN, THOMPSON, SHERMAN
 & CAUDILL, LLP
111 Fashion Lane
Tustin, California 92780-3397
Tel:    (949)  261-2872
Fax:    (949)  261-6060
Email: rthompson@ctsclaw.com
Email: crussell@ctsclaw.com

George A. Hanson, Esq.
Norman E. Siegel, Esq.
Eric L. Dirks, Esq.
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
816-714-7115 tel
816-714-7101 fax
Email: hanson@stuevesiegel.com
Email: siegel@stuevesiegel.com
Email: dirks@stuevesiegel.com

LEAD COUNSEL FOR NATIONWIDE PLAINTIFFS

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br><br>WELLS FARGO HOME MORTGAGE<br>OVERTIME PAY LITIGATION<br><br><br><br>This document relates to NATIONWIDE<br>CASES ONLY | **MDL Case No.: 3:06-md-1770-MHP**<br><br><br>**DECLARATION OF GEORGE A. HANSON**<br><br><br>Date: August 9, 2010<br>Time: 2:00 P.M.<br>Judge: Hon. Marilyn Hall Patel<br>Courtroom 15 |

I, George A. Hanson, a partner with Stueve Siegel Hanson LLP ("SSH" or "Class Counsel"), being first duly sworn to oath, deposes and says:

1. I am a named partner in the law firm Stueve Siegel Hanson LLP ("SSH"), and co-lead counsel for the Nationwide Plaintiffs in the above-captioned matter.

2. SSH practices exclusively in the area of complex litigation in state and federal courts across the country. The firm has 17 lawyers and approximately 20 support staff between its two offices in Kansas City, Missouri and San Diego, California. A brief resume for the firm and its partners is attached to this Declaration as Exhibit A. More information about our practice is also available online at www.stuevesiegel.com.

3. Over the last several years, I have been appointed lead counsel in a variety of complex multi-party actions in courts across the country, most recently as co-lead counsel for plaintiffs in a wage and hour MDL action against Bank of America transferred to the United States District Court for the District of Kansas. *See In re Bank of America Wage and Hour Employment Practices Litigation*, No. 10-md-2138, Doc. 32 (D. Kan.). In addition, I have been lead or co-lead counsel in the following wage and hour class and collective actions:

- *Perry v. National City,* Case No. 05-cv-891-DRH, United States District Court for the Southern District of Illinois (Certified FLSA collective action on behalf of current and former loan officers employed by National City Bank for unpaid overtime wages; $27.5 million settlement approved in March 2008).
- *Chavez, et al. v. WIS Holding Corp. et al.*, Case No. 7-cv-1932L (NLS), United States District Court for the Southern District of California (FLSA collective action and California Rule 23 class action brought on behalf of current and former inventory associates; $14.85 million settlement approved in June 2010).
- *Teeter v. NCR Corporation*, Case No. EDCV08-D0297, United States District Court for the Central District of California (FLSA and California Rule 23 action on behalf of customer engineers; $10.5 million settlement approved in February 2009).
- *Bruner, et al. v. Sprint Nextel Corporation et al.,* Case No. 07-cv-2164 KHV, United States District Court for the District of Kansas (FLSA collective action and California and New York Rule 23 class actions against Sprint seeking unpaid wages and overtime on behalf of call center representatives; $8.7 million settlement approved in July 2009).
- *West v. First Franklin Financial Corp.*, Case No. 06-2064-KHV/JPO, United States District Court for the District of Kansas (FLSA and California Rule 23 action against

First Franklin Corporation on behalf of loan account managers for unpaid wages; $7.7 million settlement approved in October 2007).

- *Raikos, et al. v. JP Morgan Chase & Co.*, Case No. 08-cv-1274-JGK, United States District Court for the Southern District of New York (New York Rule 23 class action brought on behalf of current and former loan originators; $6.4 million settlement approved June 2010).

- *Gieseke, et al. v. First Horizon Home Loan Corporation, et al.*, Case No. 4-cv-2511-CM/GLR, United States District Court for the District of Kansas    (Certified FLSA collective action on behalf of loan originators; $4.6 million settlement approved in March 2008).

- *Sharpe, et al. v. APAC Customer Services, Inc.*, Case No. 09-cv-329-WMC, United States District Court for the Western District of Wisconsin (Certified FLSA collective action on behalf of call center customer service representatives; $4 million settlement approved in June 2010).

- *Norman, et al. v. Dell, Inc., et al.*, Case No. 7-cv-628-TC, United States District Court for the District of Oregon (Certified FLSA collective action on behalf of call center customer service representatives; $3.75 million settlement approved in September 2009).

- *Osby, et al. v. Citigroup, Inc., et al.*, Case No. 7-cv-6085-NKL, United States District Court for the Western District of Missouri (FLSA collective action on behalf of call center customer service representatives; $3.25 million settlement approved in June 2010).

- *Stefaniak, et al. v. HSBC Bank USA Inc.*, Case No. 05 CV 6528, United States District Court for the Southern District of New York (FLSA and New York Rule 23 action on behalf of call center workers; $2.9 million settlement approved in July 2008).

- *Carson v. Bank of Blue Valley, Inc.*, Case No. 04-2507-CM, United States District Court District of Kansas (FLSA action seeking unpaid overtime pay on behalf of loan originators; settlement of more than $1 million reached in November 2005).

- *Gipson, et al. v. Southwestern Bell Telephone Co.*, Case No. 8-cv-20170-EFM/DJW, United States District Court for the District of Kansas (Certified FLSA collective action on behalf of call center customer service representatives; confidential settlement approved in May 2010).

- *Marshall, et al. v. RJ Reynolds Tobacco Co.*, Case No. 7-cv-227-W-RED, United States District Court for the Western District of Missouri (Certified FLSA collective action on behalf of current and former retail representatives; confidential settlement approved in June 2010)

- *McLean v. CenturyTel, et al.*, Case No. 3:08CV0865, United States District Court for the Western District of Louisiana (FLSA collective action on behalf of telephone-dedicated call center workers; confidential settlement approved in July 2009).

- *Qualls v. Sanofi-Aventis*, Case No. 06-0435-CV-W-REL, United States District Court for the Western District of Missouri (FLSA collective action on behalf of manufacturing and

packaging operators for work duties pre- and post-shift; confidential settlement approved in December 2006).

- *Garner v. Regis Corporation*, Case No. 03-5037-CV-SW-SWH, United States District Court for the Western District of Missouri (Certified FLSA collective action on behalf of current and former salon managers and stylists; confidential settlement approved in June 2006).

- *Horn, et al. v. Principal Financial Group, et al.*, Case No. 2:05-cv-2032 KHV-DJW, United States District Court District of Kansas (FLSA collective action on behalf of loan originators; confidential settlement approved in December 2005).

- *Hernandez, et al. v. Texas Capital Bank, N.A.,* Case No. 07-00726-CV-W-ODS, United States District Court for the Western District of Missouri (FLSA collective action on behalf of loan officers and branch managers to recover unpaid wages and overtime pay; confidential settlement approved in July 2009).

- *Carrell, et al. v. Gateway, Inc.,* Case No. 02-964-CV-W-DW, United States District Court for the Western District of Missouri (FLSA action on behalf of call center employees; confidential settlement approved in January 2004).

- *Brown, et al. v. National Bank of Kansas City,* Case No. 04-2510-CM/JPO, United States District Court District of Kansas (FLSA action on behalf of loan originators; confidential settlement approved in January 2006).

- *Davis, et al. v. Novastar Mortgage, Inc.* Case No. 04-0956-CV-W-FJG, United States District Court for the Western District of Missouri (Certified FLSA collective action on behalf of loan officers for unpaid wages; confidential settlement approved in January 2007).

- *Johns v. Panera Bread Company et al.*, Case No.4:08CV1105 (JCH), United States District Court for the Eastern District of Missouri Eastern Division (FLSA action on behalf of managerial employees; confidential settlement approved in February 2009).

4.     My firm and I are rated AV by Martindale Hubble and I have been regularly recognized by my peers in both local and national publications as an outstanding practitioner in my field.   I have made presentations regarding developments in multi-party and complex litigation as part of seminars and continuing legal education programs across the country and have recently lectured at the University of Kansas School of Law and Washington University School of Law on wage and hour litigation.

5.     This litigation was vigorously contested and resolved only after considerable negotiation and compromise by both parties.  The Nationwide Plaintiffs brought claims on behalf

of Home Mortgage Consultants ("HMCs") against Wells Fargo.  The Nationwide Plaintiffs claimed that Wells Fargo violated the Fair Labor Standards Act ("FLSA") by misclassifying them as exempt from overtime.  Wells Fargo denied the allegations.  Chief among the defenses raised by Wells Fargo was that HMCs were properly classified as exempt from overtime pay. Wells Fargo cited several federal exemptions including the outside sales, administrative, retail sales, and highly paid exemptions.  In addition, due to claimed disparate and individualized employment experiences, Wells Fargo consistently argued throughout the litigation and negotiation process that no class of "similarly situated" HMCs existed and that Plaintiffs were precluded from pursuing this case as a Rule 23 class action or collective action under Section 216(b) of the FLSA.

6.     Class Counsel conducted significant discovery that has positioned us to properly and appropriately evaluate the claims in this lawsuit, including both the strengths and weaknesses of this case.  Plaintiffs have sought and received extensive discovery. The discovery conducted by the parties included answering multiple interrogatories and requests for production of documents pursuant to Federal Rules of Civil Procedure 33 and 34.  In addition, the class representatives and several corporate designees of Wells Fargo were subject to thorough depositions.  Additionally, Class Counsel conducted in-depth interviews with opt-in plaintiffs and analyzed comprehensive personnel, payroll, and compensation data relating to Plaintiffs' claims and Wells Fargo's defenses, including dates of employment, payroll records, job descriptions, and company policies regarding the payment of overtime.

7.     I have been lead counsel in numerous other wage and hour class and collective actions involving positions similar to HMCs in this case.  As a result of the extensive analysis conducted by Class Counsel in this case, and my experience with similar settlements, I believe

that this settlement is fair, reasonable and adequate in light of the potential damages and the strengths and weaknesses of the case.  The settlement makes available significant monetary benefits to the class, every Class Member has had an equal opportunity to participate, and the settlement should be approved, especially when one considers, among other things, the attendant expense, risks, difficulties, delays, and uncertainties of litigation, trial, and post-trial proceedings. Further supporting the arms-length nature of this settlement is the fact that the parties went to mediation four separate times, most recently with David Rotman, a nationally-recognized and well-respected mediator of complex disputes.  At the conclusion of the most recent mediation, and to bridge an impasse, Mr. Rotman made a mediator's proposal that was ultimately accepted by the parties.

8.    The settlement makes available approximately $250 for each month worked by FLSA class members during the class period.  The overall recovery for the average HMC who worked for much or all of the class period will be in the range of $20,000 or more.  Because the settlement will be distributed on a *pro rata* basis,  the recovery for individuals who worked for only a few weeks or months will, rightly so, be substantially lower.

9.    All the lawyers attending the mediation were experienced in wage and hour litigation, and effectively represented their respective clients' interests throughout the course of negotiations.   During the mediation, and following negotiations, counsel for the parties vigorously advocated their respective positions, and reached a compromise only after spirited and arms-length negotiations. Thereafter, over the next two months, the parties negotiated and entered into a formal settlement agreement. In light of the above, the final settlement reached in this complex wage and hour case constitutes a fair and reasonable compromise of a bona fide dispute involving a plethora of vigorously contested legal and factual issues.

10. Class Counsel took the case on a fully contingent basis, and would recover no amount for costs, expenses, or time incurred unless the case succeeded. Class Counsel achieved certification of a Nationwide class and collective action. Class Counsel was prepared to complete discovery and try the action, as well as pursue whatever post-trial appeals may have been necessary. The issues in this case depend heavily upon the facts and a constantly evolving area of the law. Class Counsel has expended substantial amounts in time, costs and expenses, which does not include further time, costs and expenses associated with the fairness hearing or supervising settlement administration. A summary of time and expenses is attached as Exhibit B.

11. Class Counsel has not received any money or remuneration for time spent prosecuting this case. Class Counsel has spent a substantial amount of time preparing and drafting the complaint, addressing Wells Fargo's motion for MDL transfer, coordinating the several cases brought together by the MDL process, responding to and drafting a large volume of briefs and motion over the last several years including motions to dismiss and for summary judgment and appeal briefs, reviewing documents and interviewing witnesses, responding to a large volume of client communications, preparing for and conducting depositions, attending numerous hearings and mediating, negotiating, and finalizing the settlement. To date, Stueve Siegel Hanson has spent 2,981.23 hours of attorney time and 1,623.15 hours of paralegal and professional staff time prosecuting this action. Although Class Counsel has experienced some success in prosecuting wage and hour cases, it has also experienced the tremendous risks that attend contingent fee litigation. Large scale wage and hour class actions of this type are, by their very nature, complicated and time-consuming. Any law firm undertaking representation of large numbers of affected employees in wage and hour actions inevitably must be prepared to make a

tremendous investment of time, energy, and resources.  Due also to the contingent nature of the customary fee arrangement, lawyers must be prepared to make this investment with the very real possibility of an unsuccessful outcome and no fee of any kind.  The demands and risks of this type of litigation overwhelm the resources – and deter participation – of many traditional claimants' firms.

12.     Applying the rates that are reasonable in the Northern District of California, and which are in line with rates previously submitted by Class Counsel and approved by Courts in other similar cases, Stueve Siegel Hanson LLP's current lodestar is equal to $2,036,430.00.  See Exhibit B.  The lodestar presented to the Court includes only hours by the Lead Counsel firms of Stueve Siegel Hanson LLP and Callahan Thompson Sherman & Caudill, LLP (see Thompson Declaration).  Class Counsel has requested the time records from counsel in the related *Miles* action.  Although Class Counsel do not have the complete time records of the *Miles* attorneys at this time, Class Counsel anticipates the amount of time will be modest.  As part of its responsibilities as Court-appointed lead counsel in the MDL, Class Counsel will ensure that lawyers in the *Miles* action are fairly compensated from the awarded attorneys' fees for their time in the case.

13.     Importantly, Class Counsel's work on this case is not done.  Using recent experiences as a guide, Class Counsel conservatively anticipates spending as much as an additional 300-500 hours of attorney and professional staff time working on settlement administration issues after final approval, including answering questions from class members and the settlement administrator, supervising the final aspects of the settlement administration process and remediating issues that inevitably arise during the administration process.

14.     Several federal courts have recently relied on the lodestar rates listed in Exhibit B for myself and my firm.  In *Chavez, et al. v. WIS Holding Corp.,* 07cv1932 (S.D. Cal.), the court approved fees equivalent to 25% of the settlement fund, and counsel submitted the identical rates as here for a lodestar crosscheck.  Specifically, my time was submitted at $675 per hour and Eric Dirks, my co-counsel on this case, was submitted at $500 per hour.  Staff and paralegal time was submitted at $125-$225 per hour.  Similarly, in *Raikos v. JPMorgan Chase & Co.,* 08-CV-01274 (S.D.N.Y.), another case involving loan originators, the court approved fees as a percentage of the fund, but applied a lodestar crosscheck with my rate at $700 per hour and Eric Dirks at $500 per hour.  Finally, in *In re: H&R Block, Inc., Express IRA Marketing Litigation*, MDL No. 1786 (W.D. Mo.) (Doc. 232), an MDL litigated in Missouri with my firm appointed as one of lead counsel, the court approved rates of $425-$750 for partners, $225-$485 for associates, and $75-$290 per hour for staff and paralegal time.

15.     Because we litigate across the country, we routinely monitor the prevailing rates for experienced litigators in various forums nationwide.  As a guide in setting its hourly rates, SSH regularly reviews published hourly rates received in contingent and non-contingent fee litigation, including the annual rate survey conducted by the National Law Journal ("NLJ").  Based on data published by the National Law Journal, Class Counsel's rates are commensurate with hourly lawyers of similar experience handling complex litigation on a national basis.  *See, e.g.,* 12/7/2009 N.L.J. 14.  For example, three labor/employment law firms handling wage and hour cases, including defense counsel in this case, reported billing ranges that are comparable to those submitted here: Jackson Lewis (top range of $715); Ogletree, Deakins, Nash, Smoak & Stewart (top range of $625); and Littler Mendelson, defense counsel in this case (top range of $685).  Other well known firms in the San Francisco area (including Winston & Strawn, the

defense counsel on the other Wells Fargo wage and hour MDL pending before this Court)
reported rates as follows:

| 2009 National Law Journal Survey | | |
|---|---|---|
| **Firm/City** | **Partner Range** | **Associate Range** |
| Manatt, Phelps & Phillips | $495 - $850 | $290 - $505 |
| Winston & Strawn | $400 - $995 | $210 - 670 |
| Sedgwick, Detert, Moran & Arnold | $315-$670 | $225-$555 |
| Sheppard, Mullin, Richter & Hampton | $495-$715 | $285-$525 |

| 2008 National Law Journal Survey | | |
|---|---|---|
| **Firm/City** | **Partner Range** | **Associate Range** |
| Cooley Godward Kronish | $525 - $980 | $285 - $570 |
| Howard Rice Nemerovski Canady Falk & Rabkin | $515 - $795 | $275 - $510 |

*See also, e.g., Hopson v. Hanesbrands, Inc.,* 08-0844, 2009 WL 928133, *12 (N.D. Cal. April 3, 2009) (awarding lodestar rates of up to $675 per hour for top billing partner in wage and hour litigation).

16.     We filed the underlying case, *Derrick Perry v. Wells Fargo Home Mortgage,* No. 05-890 (S.D. Ill.) in the Southern District of Illinois, but after the JPML's transfer order, we litigated the case in San Francisco.  Had the case remained in the Southern District of Illinois, we would have been entitled to a higher percentage of the fund based on the Seventh Circuit's "market based approach."  *See, e.g., Teamsters Local Union No. 604 v. Inter-Rail Transport, Inc.*, 2004 WL 768658, *1 (S.D. Ill. 2004); *Sutton v. Bernard*, 504 F.3d 688, 692 (7th Cir. 2007). In this instance, the market recognized by the Seventh Circuit for contingency cases is well

above the 25% requested here as evidenced by the retainer agreement with Derrick Perry and other original opt ins who agreed to attorneys' fees of up to 40% of any recovery.

17.    In my opinion, service awards in the amount of $5,000 should be awarded to Genaro Perez, Derrick Perry and Brenda Miles.  Without their willingness to step forward and act as Named Plaintiffs, this favorable $20,000,000 settlement would not have been possible. They are directly responsible for the benefits of this settlement made available to 4,570 people. They all have made a significant investment of time and effort in this matter, including:

- meeting with Class Counsel to discuss the factual allegations and legal theories and assisting in the preparation of the complaint;

- providing input and guidance during the negotiation and settlement process, including approving the settlement and signing the settlement agreement on behalf of the Class;

- keeping themselves and other plaintiffs informed about the progress of the litigation; and

- preparing for and sitting for day-long depositions, subjecting themselves to cross examination, and answering individual discovery all of which were used to evaluate the case and were used in support of class certification.

Mr. Perry, Mr. Perez, and Ms. Miles have each acted in the very best interest of the class at all times and are deserving of the modest $5,000 service awards requested on their behalf.

I declare under penalty of perjury under the laws of the United States and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on this 26 day of July, 2010.

George A. Hanson

The e-filer has obtained the concurrence of all signatories

# EXHIBIT A

# Stueve · Siegel · Hanson

LLP



## Representing Corporate and Individual Plaintiffs Nationwide in Complex Litigation.

### Kansas City
**460 Nichols Road, Suite 200**
**Kansas City, Missouri 64112**
(816) 714-7100 tel
(816) 714-7101 fax

### San Diego
**550 West C Street, Suite 610**
**San Diego, California 92101**
(619) 400-5822 tel
(619) 400-5832 fax

www.stuevesiegel.com

# Stueve · Siegel · Hanson

LLP

## *Overview*

Stueve Siegel Hanson LLP was founded in 2001 by lawyers who formerly practiced at large national law firms with a single premise – clients should pay for results, not billable hours. The Firm now boasts seventeen lawyers between its offices in Kansas City and San Diego. The Firm is rated AV and its lawyers have accumulated several local, regional, and national awards for their successes and dedication to the practice. Stueve Siegel Hanson represents plaintiffs and defendants in complex business, class action, securities, wage and hour, environmental, and product liability litigation and trials.

## *Our Results*

Since opening our doors in 2001, Stueve Siegel Hanson has obtained substantial results in a wide range of class and collective actions while serving as lead or co-lead counsel including:

- A $27.5 million settlement in a wage and hour lawsuit brought on behalf of loan originators;

- Obtaining in excess of $100 million in settlements of wage and hour claims on behalf of employees in the financial services, pharmaceutical, cosmetology and call center industries;

- Settlement of a nationwide class action involving GM automobiles equipped with "Dex-Cool" coolant;

- Obtaining $75-$125 million in relief for purchasers of Hyundai vehicles for Hyundai's overstatement of horsepower in vehicles;

- Obtaining $33 million in relief for owners of Mitsubishi and Chrysler owners related to defective wheel rims;

- Obtaining $7.2 million in relief for Sprint customers effected by Sprint's practice of improperly charging "casual caller" rates;

- Obtaining $35-50 million in relief for Volkswagen owners effected by VW's use of a faulty plastic part in the window mechanism of certain vehicles; and

- Obtaining a $7.7 million nationwide settlement after the Court certified a nationwide class of Cable & Wireless customers who had been overcharged PICC fees.

**Stueve · Siegel · Hanson**
LLP

In addition to these cases, SSH currently acts as lead or co-lead counsel and represents plaintiffs in class and collective actions pending against The Dow Chemical Company, Bank of America, Dell, RJ Reynolds, Tyson Foods, Merck, DaimlerChrysler and TeleTech Holdings, Inc. Our firm has defended class actions as well, including defending the Allstate Insurance Company in a class action brought by policyholders claiming Allstate improperly discounted medical reimbursements.

SSH has also obtained substantial results in non-class cases, including numerous successes at trial. Some of our recent courtroom victories include:

- A $20 million jury verdict on behalf of independent contractor agents against State Farm in a breach of contract and tortious interference case;

- A $4.2 million jury verdict against one of the country's largest securities brokers, A.G. Edwards & Sons, in a breach of contract and fraud case;

- A $3.5 million jury verdict and attorneys' fee award against the world's largest manufacturer of recreational boats in a fraud and breach of contract case;

- A $1.6 million jury verdict against a major paint and coating supplier in a negligent misrepresentation case;

- A defense verdict for a client defending a multi-million dollar tort claim; and

- A defense verdict in a high-profile white collar criminal price fixing case following an eight week trial.

### *Our Partners*

Our lawyers have a breadth of experience that is national in scope. We have appeared before state and federal courts nationwide, and have successfully litigated cases across the country.

### Patrick J. Stueve

Patrick J. Stueve started his career clerking for the late United States District Court Judge John W. Oliver in the Western District of Missouri, Kansas City. He then joined the trial department of Stinson, Mag & Fizzell where he became partner in 1994. He was the youngest of six partners to leave Stinson, Mag in 1996 to found Berkowitz, Feldmiller, Stanton, Brandt, Williams & Stueve. Patrick had various management responsibilities at Stinson and then Berkowitz before leaving to found SSH. Pat received his B.A. in Economics, with distinction, from Benedictine College in 1984, and his J.D. from the University of Kansas (Order of the Coif) in 1987 where he served as an Editor of both the Kansas Law Review and the Criminal Justice Review.

Patrick has extensive complex business litigation and class action experience. He has both defended and prosecuted claims in federal and state courts (as well as AAA arbitrations) in the areas of Antitrust, Trademark and Patent Infringement, Unfair Competition, Business Torts,

**Stueve · Siegel · Hanson** ᴸᴸᴾ

Product Liability, Non-Compete, Securities Fraud, Telecommunications, Franchise, and Health Care.

Most recently Patrick successfully prosecuted violations of a franchise agreement in a New York Arbitration against a Fortune 500 company that resulted in an eight figure settlement for a Kansas City franchisee. Patrick also recently represented a London based company in Federal Court in California prosecuting antitrust claims and defending trademark and cyber squatting claims that also resulted in an eight figure settlement. This past year Patrick has successfully prosecuted several license violation cases for a small Kansas City software developer resulting in settlements exceeding $1 million dollars.

Patrick has successfully tried to verdict cases in federal and state courts across the country and in several AAA and NASD arbitrations. He recently obtained a defense verdict in a $7 million dollar business tort claim for his client in the Western District of Missouri (Aftermarket vs. Gulf). This past year Patrick was selected by his peers as a "Super Lawyer" for Missouri and Kansas and the "Best of the Bar" in Kansas City. He is a member of the Million Dollar Advocates Forum, limited to trial lawyers who have won multi-million dollar cases.

Patrick also has extensive class action experience. Patrick has been lead or co-lead counsel in three large nationwide consumer class actions that have settled over the past two years. In Lewin v. Volkswagen, Patrick successfully obtained relief totaling $50 million dollars for one million Volkswagen customers in a deceptive trade practices class action that required Volkswagen to provide full reimbursement for past product defect repairs and to replace all window regulators on theses vehicles at no cost to the customer. In Cromwell v. Sprint, Patrick obtained relief totaling $7.2 million for over 100,000 Sprint customers who were wrongfully charged casual caller fees in violation of the Federal Communications Act. In Powers v. Cable & Wireless, Patrick obtained and order certifying a nationwide class of consumers who were overcharged PICC fees and then reached a nationwide settlement of $7.7 million for the approximately 40,000 customers who had been wrongfully charged PICC fees.

Prior to founding Stueve Siegel Hanson LLP, Patrick represented Ford Motor Company and other Fortune 100 companies in major litigation across the country, including the defense of several class action claims involving a variety of industries.

Patrick previously served as President of the Lawyers Association of Kansas City. Patrick is a three term past president of the board of Habitat for Humanity Kansas City and the recent recipient of the first John and Mary Pritchard Founders Award from Habitat. He has served on the Visitation School Board, is the past PTO president for Visitation School, and has coached youth baseball, football, basketball, and track. Patrick has also served as an Adjunct Instructor of Trial Advocacy at the University of Kansas Law School and published articles on a wide variety of legal issues. He also is a member of the ABA's Antitrust section and its Private Enforcement Committee.

### Norman E. Siegel

Norman E. Siegel started his career as an Assistant Attorney General for the State of Missouri. In 1995, he joined the litigation department of Blackwell Sanders. In 1998, Norm joined

**Stueve · Siegel · Hanson**
L.L.P.

Sonnenschein Nath & Rosenthal and was promoted to partner in 2000. Norm also served on the hiring committee of Sonnenschein. Norm received a degree in political science from Tufts University, and his J.D. from Washington University in St. Louis where he was Articles Editor of the *Journal of Urban and Contemporary Law*.

Norm's current cases include acting as lead counsel in several securities cases brought against sellers of so called auction rate securities or ARS. The cases generally allege that the broker-dealers involved in the sale of ARS materially misrepresented the liquidity and risks of the securities to individual investors and corporations by labeling these securities as cash equivalents in press releases, monthly account statements, individual communications with investors, and other investment guidance material. The claims, brought under the securities laws on the United States, allege that the promised liquidity of the auction rate securities was created through artificial intervention in the auctions by the broker-dealers. The litigation was initiated when the market for auction rate securities collapsed when all of the major broker-dealers announced that they will no longer purchase auction rate securities for their own accounts to ensure that the securities would remain liquid. In the past several months, thousands of auctions run by the broker-dealers failed and over $300 billion in auction rate securities that were once offered as cash equivalents are now illiquid, resulting in economic losses and severe hardships for investors.

Norm also currently represents a putative class consisting of the land owners and residents of Hartford, Illinois who are living on top of a 4 million gallon underground gasoline plume. Residents of Hartford, which is located between the refineries to the East and the Missouri River to the West, have experienced severe gas fumes in their homes, fires in water wells, and a substantial impairment to their living environment. In July 2008, the plaintiffs reached a deal with Premcor and Shell, two of the defendants, to settle the case for $16 million. In early 2009, a second settlement was reached with BP North America for $19.5 million. The litigation is continuing against the remaining defendants, which include Apex Oil Co. and Sinclair Oil.

Norm is lead counsel in a certified class action pending against Monsanto and two of its sister companies, Solutia and Pharmacia, alleging that the companies violated the pension laws by terminating a certain interest credit at age 55, rather than at normal retirement age of 65. The case is currently being litigated in the Southern District of Illinois.

Norm recently completed prosecuting Sherman Act I and state law tort claims on behalf of Heartland Surgical Specialty Hospital, a physician owned specialty acute care hospital (Heartland Surgical Specialty Hospital v. HCA, Inc.). Heartland claimed that the dominant hospital systems in the Kansas City conspired among themselves and with the dominant managed care organizations in the region to prevent Heartland from obtaining in-network provider contracts. After 3 years of intense litigation, including winning a landmark summary judgment order, Heartland entered confidential settlements with all 11 defendants.

Norm recently won a $20 million jury verdict for five State Farm agents who had accused State Farm of violating their agents' agreements (Kelly v. State Farm). The verdict came after a three-week trial in Independence Missouri. The agents argued that they were improperly terminated after publicly criticizing management's policies as unfair to policyholders. The agents, who

**Stueve · Siegel · Hanson**

collectively had over 115 years service with State Farm, spoke out following a series of substantial verdicts and settlements against State Farm that revealed improper claims handling, fraudulent use of medical utilization reviews, specification of non-OEM replacement parts, and other practices considered harmful to policyholders. Norm delivered the closing argument at trial, and the jury returned a verdict in the amount sought by the agents.

Norm also recently served as co-lead counsel in In re Hyundai Horsepower Litigation, which netted class relief for 800,000 Hyundai owners totaling $125 million. The case was aggressively litigated over nearly two years and was fought on numerous fronts. The nationwide litigation began in September 2002 when Hyundai announced it had overstated horsepower ratings in more than 1 million vehicles sold in the United States over a 10 year period. Norm took the lead in discovery, processing more than 80,000 pages of Hyundai documents and taking the depositions of top Hyundai management, including the CEO of Hyundai Motor America, and a corporate representative of HMA's parent company in Seoul, South Korea. Norm was also instrumental in the settlement that followed, which brought high praise from Hyundai owners across the country. Norm is still serving as lead counsel in the related horsepower litigation against Hyundai's sister company Kia Motors America.

Norm has also recently litigated an eight figure case to settlement on behalf of a franchisee against a nationwide franchisor (case name confidential), and won a jury verdict in excess of $1.5 million for a local business (Weld v. Graggs Paint).

Norm has also obtained outstanding results in criminal cases. In October of 2001, Norm's client was acquitted of federal price fixing charges before a federal jury in Houston, Texas (U.S. v. Supreme Insulation). In late February of 2002, Norm's client, who had pleaded guilty to criminally violating the federal RICO statute, was granted probation despite the government's request for a lengthy prison term (U.S. v. McCarthy).

Norm has substantial litigation and class action experience. He currently holds leadership positions in class cases against Premcor Refining Co., H&R Block Inc., Monsanto, Solutia, and Pharmacia. He has extensive intellectual property and domain name dispute litigation experience. Norm was responsible for the intellectual property expert issues in the recently settled Formula 1 litigation. And Norm recently defended Aquila Inc., a Fortune 100 Company, in defense of numerous securities class actions alleging that Aquila's board failed to take appropriate steps in response to a tender offer from its parent Utilicorp United. In early January 2002, a Delaware Chancery Judge denied plaintiffs' claims for immediate injunctive relief, paving the way for the successful tender offer and merger of the two companies.

As an Assistant Attorney General, Norm also served as a special prosecutor for the State, investigating and prosecuting cases involving gambling and election fraud. He also was instrumental in the investigation and civil prosecution of those accused of bilking the State's Second Injury Fund, which resulted in settlements totaling nearly $1 million. Since entering private practice, Norm has served as special counsel for the State, having been named a Special Assistant Attorney General in 1997. In December 2003, Attorney General Jay Nixon appointed Norm to the Community Action Committee charged with overseeing The Healthcare Foundation of Kansas City, the $500 million public health foundation created with the public health asset

**Stueve · Siegel · Hanson**
LLP

sale of Health Midwest.  Norm served as Chairman of the CAC and now sits on the Foundation's Board of Directors.

### George A. Hanson

George A. Hanson started his career with Blackwell Sanders in the Labor and Employment Department. He was elected partner in 1999. George served as Chair of Blackwell's Hiring Committee in 2001. George received his B.A. from Oberlin College, with high honors, in 1988, and his J.D. from the University of Minnesota, *cum laude*, in 1992.  For the past seven consecutive years, George has been named "Best of the Bar" by the *Kansas City Business Journal*.  In 2006,  George was selected by his peers as a "Super Lawyer" for Missouri and Kansas.  George is also rated AV - the highest designation a lawyer can achieve from publisher Martindale-Hubbell.

George has had extensive litigation and trial experience in a broad array of business and employment cases brought in both federal and state courts across the country.  In August 2005, George (along with partner Norman Siegel) won a $20 million jury verdict for five State Farm agents who had accused State Farm of violating their agents' agreements (Kelly v. State Farm). The verdict came after a three-week trial in Independence Missouri.  In 2003, George was lead trial counsel and won a $3.5 million judgment and attorney fee award on behalf of Horizon Holdings against Genmar, the world's largest manufacturer of recreational boats, in a fraud and breach of contract case in federal court in Kansas.  (Horizon Holdings v. Genmar)  George has also won verdicts in a breach of contract and fraud cases tried before juries in Johnson County, Kansas and Jackson County, Missouri. In addition to trial practice, George has developed an active appellate practice and has successfully argued numerous cases before federal and state appellate panels, including federal appellate courts in the Eighth, Ninth and Tenth Circuits.

In addition to trial work, George's practice currently focuses on the representation of employees in large wage and hour class and collective actions, including workers in the financial services, meat processing, pharmaceutical and call center industries.  In Perry v. National City, George was lead counsel and represented a certified class of current and former loan officers employed by National City Bank in a wage and hour collective action pending in the Southern District of Illinois. In 2007, the Honorable David H. Herndon certified a collective action consisting of approximately 4,500 current and former National City loan officers. After extensive summary judgment and related briefing, the parties reached a Court-approved class settlement in the amount of $27.5 million.  In Garner v. Regis Corporation, George was lead counsel on behalf of approximately 1,300 current and former salon managers and stylists in a certified wage and hour collective action against Regis Corporation, the world's largest owner and operator of hair and retail product salons.  In August 2004, the trial judge for the Western District of Missouri certified the case as a collective action pursuant to the Fair Labor Standards Act. The parties subsequently reached a Court-approved confidential settlement of the case in June of 2006.  In Qualls v. sanofi-aventis, George was lead counsel in a wage and hour collective action filed in the United States District Court for the Western District of Missouri against sanofi-aventis.  The class consisted of current and former manufacturing and packaging operators employees at defendant's facility in Kansas City, Missouri.  In 2006, the trial court approved a confidential settlement on behalf of all class members.

**Stueve · Siegel · Hanson**
LLP

In addition to these cases, over the past five years, George has been lead or co-lead counsel on approximately 50 wage and hour actions filed in state and federal courts in Kansas, Missouri, California, Illinois, Texas, Minnesota, Louisiana, New York, Oregon and Washington. George is also a frequent speaker regarding trial practice and wage and hour matters nationwide.

### Todd M. McGuire

Todd M. McGuire was born and raised in Elgin, Illinois. In 1996, Todd received his B.A. in Rhetoric and Communications Studies from Drake University, *summa cum laude*, where he was a member of Phi Beta Kappa, Mortar Board and Omicron Delta Kappa. Todd was also an active member of the Sigma Alpha Epsilon Fraternity. In 1999, Todd obtained his J.D., with highest honors, from Drake. Todd served as Editor in Chief of the *Drake Law Review* and was a member of the Order of the Coif.

After graduating from law school, Todd began his legal career in the Kansas City office of Sonnenschein Nath & Rosenthal, one of the largest law firms in the country, in the litigation department, specializing in antitrust, white collar criminal defense and commercial litigation. In October 2001, Todd joined Stueve Siegel Hanson LLP. In January 2005, Todd was elected to the Firm's partnership.

During the past 6 years, Todd has successfully represented a variety of clients in complex civil and criminal matters at both the trial court and appellate levels. He has both defended and prosecuted claims in the areas of Antitrust, RICO, Contract Disputes, Environmental Contamination, Business Torts, White Collar Crime, Employment Discrimination, Wage and Hour Violations, Insurance Coverage and Bad Faith, Copyright Infringement and Class Actions. Todd is admitted to practice in federal and state courts in Missouri and Kansas as well as before the United States Court of Appeals for the Tenth Circuit. Todd has represented clients in Courts across the country including New York, Texas, California, Illinois, Pennsylvania, Kansas, Missouri and Michigan.

Todd is a member of the American Bar Association, Lawyers' Association of Kansas City and Kansas City Metropolitan Bar Association. Todd has been recognized as a philanthropic leader at Drake University through membership in the President's Circle. Todd is also a member of the Steering Committee for the Donald V. Adams Leadership Institute at Drake.

### Todd E. Hilton

Todd E. Hilton received his B.A. in English and Philosophy, cum laude, from the University of Miami in 1996, where he was President of the International Philosophy Honor Society and Vice President of the International English Honor Society. He received his J.D., with honors, from George Washington University in 1999. Todd was a member of The George Washington Journal of International Law and Economics. Todd joined Lathrop & Gage out of law school where he specialized in products liability, personal injury, wrongful death, and consumer

Stueve · Siegel · Hanson

protection litigation.   Todd was recently honored by the Missouri Lawyers Weekly as having obtained the fifth highest verdict in Missouri in 2001.

## Virginia Stevens Crimmins

Virginia Stevens Crimmins received a B.A. in 1998 from Agnes Scott College in Decatur, Georgia in International Relations and French, where she was a member of Phi Beta Kappa. Ginnie subsequently attended Georgetown University Law Center in Washington, D.C. During law school Ginnie was a member of Georgetown's Journal on Poverty Law and Policy and represented clients in Georgetown's Domestic Violence Clinic.

After graduation from law school in 2001, Ginnie returned to Kansas City where Ginnie began practicing with the law firm of Spencer Fane Britt and Browne in Spencer Fane's general litigation group.   While at Spencer Fane, Ginnie's practice focused on education and business litigation, involving business torts, contract disputes, and insurance issues.   In 2004, Ginnie joined the law firm of Stueve Siegel Hanson LLP and in July 2008, Ginnie was elected to the Firm's partnership.

Since beginning the practice of law, Ginnie has represented both individual and corporate clients in many different forums across the country and has experience prosecuting and defending cases at both the trial court and appellate court levels.   She has defended and prosecuted claims in the areas of Antitrust, Contract Disputes, Business Torts, Wage and Hour Violations, and Class Actions.   In 2004, Ginnie successfully defended Countrywide at trial in Missouri State Court against claims that included a fraud claim seeking punitive damages.   Judgment was rendered in favor of Countrywide on all claims.   (American Family Mutual Insurance Company v. Countrywide Home Loans, Inc., et al.).   Additionally, Ginnie recently represented Heartland Spine and Specialty Hospital in Sherman Act I and state law tort claims against insurance companies and hospitals in the Kansas City metropolitan area.   (Heartland Spine & Specialty Hospital v. HCA Midwest Division, et. al.).   Ginnie played a key role in discovery on this case, including extensively reviewing and analyzing thousands of pages of document discovery, taking the depositions of several of Defendants' witnesses and defending Heartland's employees at depositions during the discovery phase of the case.   After hard-fought litigation, this case ultimately settled in 2008.

Since 2005, Ginnie has also represented hundreds of employees in actions to recover unpaid minimum and overtime wages.   Examples of these cases, include Carson v. Bank of Blue Valley, Davis v. Novastar, Gieseke v. First Horizon Home Loan Corporation, Hernandez v. Texas Capital Bank, Perry v. National City, and West v. First Franklin.   In Davis v. NovaStar, the Honorable Judge Gaitan certified a Fair Labor Standards Act collective action against NovaStar Mortgage Company.   The case was filed in the Western District of Missouri and included class members throughout the United States.   See 408 F.Supp.2d 811 (W.D. Mo. 2006).   Ultimately, a court-approved settlement was reached in 2006.   In Gieseke v. First Horizon Home Loan Corporation, loan originator plaintiffs filed an FLSA collective action case against First Horizon alleging that First Horizon failed to pay them minimum and overtime wages.   The United States District Court for the District of Kansas conditionally certified the case as a collective action; class members extended throughout the United States.   See 408 F.Supp.2d 1164 (D.Kan. 2006).

**Stueve · Siegel · Hanson**
L.L.P.

A court-approved settlement was reached in 2008.  In Perry v. National City, the United States District Court for the Southern District of Illinois conditionally certified an FLSA collective action case on behalf of approximately 4,500 loan originators employed by National City.  See 2007 WL 1810472 (S.D. Il. 2007).  A court-approved settlement was reached in 2008.  After significant discovery and extensive summary judgment briefing, the parties reached a Court-approved class settlement in the amount of $27.5 million.

Ginnie is licensed to practice law in Missouri, Kansas and Illinois and is a member of the ABA, Lawyers Association of Kansas City, KBA, KCMBA, Illinois Bar Association and the Association for Women Lawyers of Greater Kansas City.   Ginnie currently serves as the President of KBA Employment Law Section.

### Rachel E. Schwartz

Rachel E. Schwartz was born in Morton Grove, Illinois and raised in Lawrence, Kansas.  In 1998, Rachel received her B.A. with honors in Political Science, Economics and American Studies from the University of Kansas.  In 2001, Rachel obtained her J.D. from the University of Michigan Law School, where she served on the University of Michigan Journal of Law Review.  Rachel is a member of the Lawyers' Association of Kansas City and the Texas Bar Association.  She has a Life Membership in the University of Kansas Alumni Association.  Since 2007, Rachel has served on the Board of Directors of DEBATE Kansas City, an organization dedicated to providing debate opportunities to schools located in Kansas City's urban core.

After graduating from law school, Rachel began her legal career in the Dallas, Texas office of Gardere Wynne Sewell LLP on the complex litigation trial team, specializing in antitrust, securities, RICO and other business litigation. In 2004, Rachel joined Stueve Siegel Hanson, LLP and was elected to the Firm's partnership in July 2008.

Rachel has successfully represented a variety of clients in complex civil matters at both the district court and appellate levels.  She has both defended and prosecuted claims in the areas of Securities, Antitrust, RICO, Business Torts, Employment Law, Intellectual Property and Contract Disputes. Rachel is admitted to practice in state and federal courts in Kansas, Missouri and Texas, as well as before the United Stated Court of Appeals for the Eighth Circuit and the United States Supreme Court.

### Richard M. Paul III

Richard Paul began his legal career as a judicial law clerk at the Missouri Supreme Court and the Missouri Court of Appeals, Western District. In 1996, he began private practice with Shughart Thomson & Kilroy, a large Kansas City law firm with offices in Missouri, Kansas, Colorado, and Arizona.  In 2002, the Board of Directors of Shughart Thomson elected him a Shareholder and Director.  In May 2008, Rick moved his practice to Stueve Siegel Hanson.  Rick has tried several cases, and also argued more than 40 appeals before a variety of appellate courts across the country, including the United States Court of Appeals for the Eighth and Ninth Circuits, the Missouri Supreme Court, the Missouri Court of Appeals for the Eastern, Southern, and Western Districts, the Kansas Court of Appeals, and the Arizona Court of Appeals.

**Stueve · Siegel · Hanson**
L.L.P.

Rick handled a variety of types of cases, including constitutional litigation, intellectual property, antitrust, franchise, oil and gas litigation, employment disputes, bankruptcy litigation, product liability, transportation law, and officer and director liability. Most of his practice focused on complex multi-district, class, derivative, and representative actions. Rick also worked on an interim basis as in-house litigation counsel for Gateway 2000. Rick has spent a significant portion of his practice representing bankruptcy trustees as court-appointed Trial Counsel in complex litigation, often on a contingent or modified fee arrangement. In this role, Rick has helped bankruptcy trustees collect more than $60 million for their bankruptcy estates. Rick has also served as Lead or Co-Lead Class Counsel in various class actions. In November 2007, after more than 4 years of vigorous litigation, Rick and his co-counsel settled the In re DexCool Products Liability Multi-District Litigation just days before a 3-week jury trial was set to begin in what is one of the largest automotive class action settlements ever.

Rick has been active in the local bar, including the Kansas City Metropolitan Bar Association and the Lawyers Association of Kansas City. In 2004, he served as the Chair of the Appellate Courts Committee of the KCMBA. He has also served on the Business Torts Committee, where he authored the Chapter on Fiduciary Duties for the Business Torts Handbook. Rick is a frequent speaker and moderator at seminars and presentations on handling appeals, electronic discovery, and the use of technology in the courtroom.

### Eric L. Dirks

Eric began his career as an associate at Kansas City's largest law firm Shook, Hardy & Bacon. At Shook, Hardy & Bacon, Eric represented well-known corporate clients in the areas of products liability, class actions and complex litigation. Eric joined Stueve Siegel Hanson in 2005 where he now spends his time representing consumers, workers, retirees and small-to-mid size businesses. Eric's litigation practice includes: class actions, products liability, wage and hour, commercial litigation, trademark and copyright infringement and antitrust.

Eric attended the University of Iowa for law school where he received his J.D., with high distinction and was elected to the Order of the Coif. Eric received his B.A. in English from the University of Kansas. Before college, Eric enlisted in the United States Army Reserves where he was a medic and went on to obtain the rank of Sergeant.

Eric focuses his time representing consumers, workers, retirees and businesses. In 2008, Eric tried Overlap, Inc. v. A.G. Edwards & Sons, Inc. before a Jackson County, Missouri jury who awarded approximately $7.1 million dollars (pre-merger) to a computer software developer for breach of contract, fraud and negligent misrepresentation. Plaintiff Overlap, Inc. claimed that A.G. Edwards violated its software license agreement by loading the software on more than fifty computers and then making the reports from the software available to all of its stock brokers. Plaintiff further alleged that the defendant had misrepresented the nature and extent of its use of the software. At trial, Overlap, Inc., argued that A.G. Edwards knew that it was prohibited from sharing the reports generated by the software with its brokers, but nevertheless continued to use it in such a manner without telling plaintiff. Defendant A.G. Edwards argued that the terms of the software license agreement permitted its use of the software. The trial lasted eight days and

**Stueve · Siegel · Hanson**

after two hours of deliberation, the jury found in favor of plaintiff Overlap. Among the jury's awards was a punitive damages award for $2.3 million.

Since 2005, Eric has represented workers in wage and hour litigation. Eric currently represents a class of workers at Tyson's Emporia, Kansas and Holcomb, Kansas beef processing facilities in <u>Garcia, et. al. v. Tyson Foods, Inc. et. al</u>.. The plaintiffs allege they are not paid for the time they spend putting on and taking off protective clothing and gear and the time they spend walking throughout the huge meat processing facilities. The <u>Garcia</u> case comes on the heels of a recent decision -- <u>Alvarez v. IBP, Inc</u>, -- where the Supreme Court ruled that federal law requires employers to pay for the time their meat processing plant workers spend changing in and out of required protective clothing and for the time walking throughout the facility. The plaintiffs won a major victory in defeating Tyson's bid for summary judgment and the U.S. Tenth Circuit Court of Appeals recently dismissed Tyson's appeal after extensive briefing on the issue. Most recently, the trial court granted class and collective action certification of a class of approximately 13,000 workers.

Additionally, Eric has been co-lead counsel with George Hanson on two wage and hour MDL actions: <u>In re Wells Fargo Home Mortgage Overtime Pay Litigation</u> and <u>In re Wells Fargo Loan Processor Overtime Litigation</u>. These proceedings seek unpaid wages from Wells Fargo on behalf of various financial services employees.

# EXHIBIT B

**In re Wells Fargo Home Mortgage Overtime Pay Litigation**
**Case No. 3:06-md-1770**
**United States District Court for the Northern District of California**

STUEVE SIEGEL HANSON LLP
Time and Expense Report

| NAME | RATE | HOURS | LODESTAR |
|------|------|-------|----------|
| **ATTORNEYS:** | | | |
| **Partners** | | | |
| Virginia Crimmins (SSH) | $525 | 17.3 | $9,082.50 |
| Eric Dirks (SSH) | $500 | 1077.1 | $538,550.00 |
| George Hanson (SSH) | $675 | 1310.2 | $884,385.00 |
| Todd McGuire (SSH) | $575 | 65.25 | $37,518.75 |
| Norman Siegel (SSH) | $675 | 306.3 | $206,752.50 |
| **Associates** | | | |
| Matt Dameron (SSH) | $425 | 40.17 | $17,072.25 |
| Jonathan Lehr (SSH) | $400 | 3.7 | $1,480.00 |
| Elizabeth Orr (SSH) | $400 | 1.75 | $700.00 |
| Ashlea Schwarz (SSH) | $325 | 117.85 | $38,301.25 |
| Lynnette Siegel (SSH) | $325 | 13.3 | $4,322.50 |
| **Law Clerk** | | | |
| Jared Conforte (SSH) | $200 | 16 | $3,200.00 |
| Edward Keenan (SSH) | $200 | 12.31 | $2,462.00 |
| | **Subtotal** | 2981.23 | $1,743,826.75 |
| **PROFESSIONAL SUPPORT STAFF:** | | | |
| Sherry Barry (SSH) | $225 | 45 | $10,125.00 |
| Brooke Berry (SSH) | $125 | 400.42 | $50,052.50 |
| Carla Broadnax (SSH) | $200 | 203.5 | $40,700.00 |
| Josh Brown (SSH) | $200 | 20.25 | $4,050.00 |
| Katrina Cervantes (SSH) | $200 | 467.2 | $93,440.00 |
| April Davis (SSH) | $225 | 17.75 | $3,993.75 |
| Allison Gilbert (SSH) | $200 | 107.75 | $21,550.00 |
| Michelle Hall (SSH) | $200 | 145.15 | $29,030.00 |
| Troy Hall (SSH) | $140 | 32 | $4,480.00 |
| Mary Rose Marquart (SSH) | $225 | 0.8 | $180.00 |
| Erika Martinez (SSH) | $150 | 7 | $1,050.00 |
| Patty Moreland (SSH) | $150 | 19.76 | $2,964.00 |
| Julie Olivas (SSH) | $150 | 18.67 | $2,800.50 |
| Cheri Perez (SSH) | $200 | 91.2 | $18,240.00 |
| Peter Rupp (SSH) | $225 | 18.3 | $4,117.50 |
| Ryan Smith (SSH) | $200 | 22.4 | $4,480.00 |
| Adrian Weiner (SSH) | $225 | 6 | $1,350.00 |
| | **Subtotal** | 1623.15 | $292,603.25 |
| **TOTAL LODESTAR** | | | $2,036,430.00 |

**In re Wells Fargo Home Mortgage Overtime Pay Litigation**
**Case No. 3:06-md-1770**
**United States District Court for the Northern District of California**

STUEVE SIEGEL HANSON LLP
Costs and Expenses Report

| CATEGORIES: | AMOUNT |
|---|---|
|  |  |
| Airfare | $7,306.24 |
| Conference Call | $132.30 |
| Copy and Print | $24,360.40 |
| Court Fees | $210.00 |
| Delivery Service | $606.64 |
| Facsimile Incoming | $19.00 |
| Fax Out (local) | $0.40 |
| Fax Out (long distance) | $9.00 |
| Federal Express | $1,250.67 |
| Ground Transportation | $1,661.16 |
| Local Counsel | $175.00 |
| Lodging | $9,422.26 |
| Long Distance | $62.02 |
| Meals | $3,868.14 |
| Mediator/Arbitrator | $10,500.00 |
| Misc./Other Expenses | $8,240.65 |
| Online Research (PACER) | $608.24 |
| Online Research (Westlaw) | $11,911.96 |
| Other Travel | $329.53 |
| Outside Duplicating | $555.90 |
| Postage | $12,162.52 |
| Scanning | $350.52 |
| Transcript/Video | $6,235.14 |
| Witness Fees | $52.63 |
| **TOTAL EXPENSES:** | **$100,030.32** |